# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2091 | **DATE** | 9/19/2002 |
| **CASE TITLE** | Crowley vs. McKinney et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant defendants' motion (Doc 9-1) for judgment on the pleadings with respect to Count 1-5, and we dismiss Counts 6-7 for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 20 2002 | |
| | Notified counsel by telephone. | | date docketed | 13 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL CROWLEY, )
)
Plaintiff, )
)
vs. ) 02 C 2091
)
DONALD McKINNEY and BERWYN SOUTH )
SCHOOL DISTRICT #100, )
)
Defendants. )

DOCKETED SEP 20 2002

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on a Rule 12(c) motion for judgment on the pleadings made by Defendants, Donald McKinney and Berwyn South School District #100 ("District #100"). For the reasons set forth below, we grant Defendants' motion for judgment on the pleadings with respect to Counts 1-5, and we dismiss Counts 6-7 for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff Daniel Crowley is a non-custodial divorced father of two children, Daniel and Kelli Crowley. During the entire relevant time period, both children were students at Hiawatha Elementary School (the "School"), which is within District #100. During the same time period, Mr. McKinney was principal of the School, and William Jordan was superintendent of District #100. Mr. McKinney and the School allegedly refused to provide Mr. Crowley with parental notices, records, correspondence, and other documents that were routinely provided to custodial parents that

have children at the School. Additionally, Mr. McKinney allegedly denied Mr. Crowley access to the School campus during school days, prevented him from volunteering at School functions, publicly berated him, filed a police report on him, and called the police on him. Mr. Jordan, as superintendent, allegedly authorized these acts of which Mr. Crowley complains. Mr. Crowley filed the present action, seeking damages for physical and emotional suffering under seven different theories of recovery. Defendants answered and moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

After the close of pleadings, a defendant may move, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings to dispose of the case on the basis of the underlying substantive merits. The appropriate standard for a judgment on the pleadings "is that applicable to summary judgment, except that the court may consider only the contents of the pleadings." *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). All well-pleaded allegations are taken as true, and the facts and inferences to be drawn from those allegations are viewed in a light most favorable to the plaintiff. *Id.* Judgment on the pleadings is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.*

## DISCUSSION

Mr. Crowley asserts seven causes of action: (1) violation of his Fourteenth Amendment substantive due process rights, (2) violation of his Fourteenth Amendment procedural due process rights, (3) violation of his Fourteenth Amendment equal protection rights as a member of a class of

non-custodial divorced fathers, (4) violation of his Fourteenth Amendment equal protection rights as a member of a class of one, (5) violation of his First Amendment rights to freedom of speech and expression, (6) violation of the Illinois School Student Records Act, and (7) intentional infliction of emotional distress.

I. Substantive Due Process

Count 1 of Mr. Crowley's complaint alleges a violation of substantive due process. The Fourteenth Amendment of the Constitution forbids states from depriving any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. A plaintiff can establish a cause of action for deprivation of substantive due process rights by alleging either that a state action infringed a fundamental liberty or that a state action was arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. *Chicago Title Ins. Co. v. Village of Bolingbrook*, 1998 WL 101559, *4 (N.D. Ill. 1998) (citing *Pro-Eco, Inc. v. Board of Comm'rs*, 57 F.3d 505 at 513 (7th Cir. 1995).

Parents generally have a fundamental right in the upbringing of their children. *Berman v. Young*, 291 F.3d 976, 983 (7th Cir. 2002). Mr. Crowley, however, is divorced from his children's mother who has sole custody of Daniel and Kelli. As a non-custodian, he does not have a fundamental right in the upbringing or education of his children. Mr. Crowley relies on his marital settlement agreement with his ex-wife to support his argument for a fundamental right to be involved in his children's education. The marital settlement agreement defines Mr. Crowley's rights vis-a-vis his ex-wife. Any rights Mr. Crowley may have secured through his marital settlement agreement

involving his children's education are contractual in nature and not necessarily constitutionally protected.

The School's alleged refusal to provide Mr. Crowley with parental notices, records, and correspondence regarding Daniel's and Kelli's education or to permit Mr. Crowley on School premises during school days was not so arbitrary or unreasonable or without substantial relation to the public health, safety, morals, or general welfare as to violate Mr. Crowley's due process. The School's decision to deny a non-custodial father access to his children's educational records and entry to the School grounds is not arbitrary or unreasonable. Such a practice bears a substantial relation to maintaining the safety and welfare of the School's children and preserving a proper educational environment.

II. Procedural Due Process

Count 2 of the complaint alleges a violation of Mr. Crowley's Fourteenth Amendment rights to procedural due process. For a procedural due process claim to be sufficient, a plaintiff must allege two elements: (1) that he had a protected interest; and (2) that he was deprived of that interest without due process of law. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). Mr. Crowley has not established a protected interest. Mr. Crowley's ex-wife gained sole custody of his children upon their divorce. As a result, he no longer has a protected interest in the control of his children's education. Because he did not have a protected interest, no process was due prior to denying him access to his children's educational records or to the School grounds.

III. Equal Protection

The level of equal protection afforded an individual by the Fourteenth Amendment depends on the classification that provides the basis for the alleged discrimination. Mr. Crowley alleges that his Fourteenth Amendment equal protection rights have been violated both as a member of a class of non-custodial divorced fathers and as a member of a class of one.

A. Class of Non-Custodial Divorced Fathers

Count 3 of the complaint alleges discrimination against Mr. Crowley on account of his being a non-custodial divorced father in violation of his equal protection rights. Non-custodial divorced fathers are not a suspect class, and no fundamental right of Mr. Crowley's has been deprived. Therefore, to establish an equal protection violation, he must show that the complained-of actions do not pass the rational basis test. *Eby-Brown Co. v. Wisconsin Dept. of Agric.*, 295 F.3d 749, 754 (7th Cir. 2002). Under the rational basis test, a state action is constitutional so long as it "bears a rational relation to some legitimate end." *Id* (quoting *Romer v. Evans*, 517 U.S. 620, 631 (1996).

Defendants allege that their actions of excluding Mr. Crowley from his children's School and educational records were in furtherance of their "duties to manage their schools in a safe, efficient, and educationally conducive atmosphere." Maintaining safety, efficiency, and an educationally conducive atmosphere in a school are all legitimate goals. Preventing non-custodial divorced parents from interfering with the running of the school bears more than a rational relation to those goals.

Mr. Crowley complains that Defendants did not explain why their actions were rational within their answer to the complaint, and that, therefore, they should not be able to make such an argument in their motion for judgment on the pleadings. Defendants, however, need not explain why

their actions were rational to defeat an equal protection cause of action. A state action satisfies the rational basis test if a rational basis merely can be hypothesized. *Northside Sanitary Landfill, Inc. v. City of Indianapolis*, 902 F.2d 521, 522 (7th Cir. 1990). Thus, Defendants' actions, as a matter of law, did not violate Mr. Crowley's equal protection rights as a member of the class of non-custodial divorced fathers.

B. Class of One

Count 4 of the complaint alleges an equal protection violation under a class of one theory. To establish a violation under this theory, a plaintiff must prove either (1) that he was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment or (2) that the state is treating unequally those individuals who are prima facie identical in all relevant respects, and that the cause of the differential treatment is a totally illegitimate animus toward the plaintiff. *Nevel v. Village of Schaumburg*, 297 F.3d 673, 681 (7th Cir. 2002). Additionally, under the second approach, a plaintiff must establish that the state would not have "taken the complained-of action anyway" in the absence of the animus toward the plaintiff. *Olech v. Village of Willowbrook*, 160 F.3d 386, 388 (7th Cir. 1998).

Mr. Crowley has no case under either approach. Under the first approach he cannot prove the absence of a rational basis for denying him access to the School grounds and to his children's educational records. *See supra*. Under the second approach, he cannot prove that Defendants treated him as alleged only because of the animus between him and the Defendants. In fact, Mr. Crowley's own allegations refute any possibility of proving otherwise. In his complaint, Mr. Crowley alleges

that his status as a non-custodial divorced father, as opposed to the existence of animus, was "a motivating factor in Defendants' conduct and treatment of [him.]"

IV. First Amendment Rights

Count 5 of the complaint alleges a First Amendment retaliation claim. The First Amendment, as incorporated by the Due Process Clause of the Fourteenth Amendment, prohibits the states and their subdivisions from "abridging the freedom of speech." U.S. Const. Amend. I. It is well settled that "[f]or a First Amendment retaliation claim to survive a judgment on the pleadings, 'the facts alleged in the complaint must show that (1) the speech in which the plaintiff[] engaged was constitutionally protected under the circumstances, and (2) the defendants retaliated against [him] because of it.'" *Delgado v. Jones*, 282 F.3d 511, 516 (7th Cir. 2002) (quoting *Gustafson v. Jones*, 117 F.3d 1015, 1018 (7th Cir. 2002)).

Public criticism of government officials regarding their official responsibilities is clearly protected under the First Amendment. *See Wilbur v. Mahan* 3 F.3d 214, 215 (7th Cir. 1993) ("The right to criticize public officials is at the heart of the First Amendment's right of free speech . . . .") (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, (1964)). Mr. Crowley's speech falls far short of this standard. His alleged criticism and questioning of the School, District #100, Mr. McKinney, and Mr. Jordan involved a personal quarrel regarding his desire to be more involved with his children's education. Personal quarrels are not the kind of speech that is protected under the First Amendment.

## V. State Law Claims

Counts 6 and 7 of the complaint allege state law causes of action. Because we order judgment for Defendants on all federal grounds, Counts 6 and 7 are dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion for judgment on the pleadings with respect to Counts 1-5, and we dismiss Counts 6-7 for lack of subject matter jurisdiction.

*Charles P. Kocoras*
Charles P. Kocoras
Chief Judge
United States District Court

Dated: September 19, 2002